UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

| | |
|---|---|
| SHANIQUA FOLK,<br><br>        Plaintiffs,<br><br>  -against-<br><br>THE CITY OF NEW YORK, Police Officer ROBERT A. MANZI, Shield No. 12783, Det. ARTHUR UMLAUF, Shield No. 25307, Police Officer STEVEN FLORIO, Shield No. 17538, Police Officer DERRICK BOYD, Shield No. 10014, Sergeant WILLIAM SCHMIDT, Shield No. 3392, Police Officers JOHN DOE # FIVE in his individual and official capacities as employees of the City of New York,<br><br>        Defendants. | **AMENDED COMPLAINT**<br><br>15 Civ. 5810 (WFK)(CLP)<br><br>Jury Trial Demanded |

------------------------------------------------------------ X

  Plaintiff, SHANIQUA FOLK, by her attorney, The Rameau Law Firm, alleges the following, upon information and belief, for this Complaint:

## INTRODUCTION

  1. This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and the common law of the State of New York, against the defendants mentioned above in their individual and official capacities, and against the City of New York.

1

2. On September 17, 2014, Defendants Robert A. Manzi, Shield No. 12783, Det. ARTHUR UMLAUF, Shield No. 25307, Police Officer STEVEN FLORIO, Shield No. 17538, Police Officer DERRICK BOYD, Shield No. 10014, Sergeant WILLIAM SCHMIDT, Shield No. 3392, Police Officers JOHN DOE # FIVE, (collectively, the "Defendants") unlawfully arrested Plaintiff without any justification or due cause.

3. Plaintiff seeks compensatory and punitive damages and an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## JURISDICTION

4. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.

## VENUE

5. Under 28 U.S.C. § 139l (b) and (c), venue is proper in the Eastern District of New York.

## PARTIES

6. Plaintiff SHANIQUA FOLK ("Ms. Folk") was at all material times a resident of the City of New York, New York State, and of proper age to commence this lawsuit.

7. ROBERT A. MANZI, Shield No. 12783 was at all relevant

times an officer employed by the New York City Department ("N.Y.P.D."), acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York, and acting within the scope of his authority and employment. He is named here in his individual capacity.

8. Defendant MANZI, at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

9. ARTHUR UMLAUF, Shield No. 25307 was at all relevant times a detective or officer employed by the New York City Department ("N.Y.P.D."), acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York, and acting within the scope of his authority and employment. He is named here in his individual capacity.

10. Defendant UMLAUF, at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

11. STEVEN FLORIO, Shield No. 17538 was at all relevant times an officer employed by the New York City

3

Department ("N.Y.P.D."), acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York, and acting within the scope of his authority and employment. He is named here in his individual capacity.

12. Defendant FLORIO, at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

13. DERRICK BOYD, Shield No. 10014 was at all relevant times an officer employed by the New York City Department ("N.Y.P.D."), acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York, and acting within the scope of his authority and employment. He is named here in his individual capacity.

14. Defendant BOYD, at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

15. WILLIAM SCHMIDT, Shield No. 3392 was at all relevant times a sergeant or officer employed by the New York City Department ("N.Y.P.D."), acting under color of law, to wit,

4

under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York, and acting within the scope of his authority and employment. He is named here in his individual capacity.

16. Defendant SCHMIDT, at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

17. Defendants JOHN DOE FIVE was at all relevant times officers employed by the N.Y.P.D., acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/ or the City of New York, and acting within the scope of their authority and employment. He is named here in his individual capacity.

18. Defendant City of New York (hereinafter "The City") is, and was at all relevant times, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York. The City operates the N.Y.P.D., a department or agency of defendant City responsible for the appointment, training, supervision, promotion and discipline of officers and supervisory officers, including the Defendants.

## **FACTUAL ALLEGATIONS**

19. Plaintiff is an African-American female.

20. Plaintiff was on her way to work on September 17, 2014 when Plaintiff's ex-boyfriend, Tyrish Stevenson, a stalker, insisted that Plaintiff should get into his car.

21. When Plaintiff said "no", her ex boyfriend pointed a gun at her and ordered her into the car. Plaintiff complied.

22. After driving around the block, Tyrish Stevenson parked while pointing a gun at Plaintiff and threatened to kill Plaintiff.

23. Plaintiff was absolutely terrified, so much so that she got out of the car screaming, "He is trying to kill me… Please help."

24. At that point, officers parked directly behind Stevenson knew or had reason to know of Plaintiff's distress thereby rebutting any presumption that Plaintiff was in possession of a gun.

25. The officers did nothing to help Plaintiff. Instead, they watched as Stevenson forced Plaintiff back inside the car where a struggle ensued.

26. Throughout this dynamic struggle inside the car,

6

Plaintiff managed to take the gun away from the assailant before tossing it out of the window.

27. Plaintiff was never in possession of the gun.

28. The gun was Mr. Stevenson's and was used by Mr. Stevenson to threaten Plaintiff's life.

29. The only time Plaintiff ever held it was to remove it from the vehicle to prevent Stevenson from following up on his threats to kill Plaintiff.

30. Defendants who were sitting in an unmarked car behind plaintiff, approached the vehicle.

31. The assailant took off running.

32. Plaintiff was in tears and screamed, "He had a gun…he said he would kill me."

33. Additional officers were called in.

34. The Plaintiff was instructed to wait in the car while the officers looked for the gun.

35. The defendant officers located the gun and arrested Plaintiff, the victim of a series of crimes and charged her with criminal possession of a weapon.

36. The assailant was not charged with any of the crimes he committed against Plaintiff.

7

37. No reasonable officer would think given the circumstances of the case that plaintiff had committed a crime.

38. Reasonable officers cannot disagree that there was no valid basis upon which to arrest plaintiff because plaintiff was in distress as the victim of an ongoing crime thereby rebutting the presumption that she was in possession of a weapon.

39. The officers took Plaintiff to the Precinct and later to Kings Central Bookings.

40. At the precinct, the officers falsely informed employees of the Kings County District Attorney's Office that they observed plaintiff committing various crimes.

41. These allegations were false and on or about January 16, 2015, all charges against plaintiff were dismissed and sealed.

## FIRST CLAIM
## 42 U.S.C. § 1983

42. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

8

43. Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

44. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
## False Arrest

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

47. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
## Malicious Prosecution

48. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

49. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff, under 42 U.S.C. § 1983 for the violation of her constitutional right to be free from malicious prosecution under the Fourth

9

and Fourteenth Amendments to the United States Constitution.

50. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of her constitutional rights.

51. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest.

52. Nevertheless defendants continued with the prosecution.

53. The criminal case was resolved in plaintiff's favor.

54. As a direct and proximate result of defendants' unlawful actions, plaintiff has suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

55. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

56. The individual defendants created false evidence against Plaintiff.

57. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

58. The individual defendants knew that the prosecutors would rely upon this information in formulating charges against plaintiff.

59. They knew that the prosecutors would rely upon this information to use as evidence in a trial against plaintiff.

60. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

61. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FIFTH CLAIM
### Malicious Abuse Of Process

62. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

11

63. The individual defendants issued legal process to place Plaintiff under arrest.

64. The individual defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up the fact that they did not want to treat plaintiff as a victim of domestic violence.

65. Instead of performing their duties as officers and seeking to assist plaintiff and treat her as a victim of a crime they treated her as a criminal.

66. The individual defendants arrested plaintiff to allow themselves to obtain credit for an additional arrest.

67. The individual defendants arrested plaintiff to allow themselves to obtain additional overtime.

68. The individual defendants acted with intent to do harm to Plaintiff without excuse or justification.

69. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### SIXTH CLAIM
### Failure To Intervene

70. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

71. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

72. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth And Fourteenth Amendments.

73. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### *Monell*

74. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

75. This is not an isolated incident. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

76. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

77. The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

78. The City, under former Mayor Bloomberg, had a strict policy when it came to guns.

79. Mayor Bloomberg was determined to make it part of his legacy to get guns off the streets of the city.

80. Through this mandate, officers through policy or practice were either encouraged to or incentivized to arrest as many people as possible and charge them with crimes pertaining to guns.

81. This policy or practice led directly to the violation of countless citizens false arrests as the officers knew there was no basis to arrest them.

82. The officers knew as did the defendant officers in this case that they would be arresting people without a valid basis.

83. The officers knew as did the defendant officers in this case that they would be arresting people without probable cause.

84. The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

85. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

86. These policies, practices, and customs were the moving force behind plaintiff's injuries.

87. Plaintiff was directly injured and suffered damages as a direct result of the City's unconstitutional policy or practice.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff requests that this Court:

  (a) Award compensatory damages against the defendants, jointly and severally;

  (b) Award punitive damages against the individual defendants, jointly and severally;

  (c) Award costs of this action to the plaintiff;

  (d) Award reasonable attorneys' fees and costs to the plaintiff pursuant to 28 U.S.C. § 1988;

  (e) Such other and further relief as this Court deem just and proper


## JURY DEMAND

Plaintiff hereby demands a jury trial.


Dated: Brooklyn, New York
    February 19, 2016

          */s/ Amy Rameau*
          Amy Rameau, Esq.

          The Rameau Law Firm
          16 Court Street, Suite 2504
          Brooklyn, New York 11241
          (718) 852-4759
          rameaulawny@gmail.com


TO:  All Defendants
    Corporation Counsel of the City of New York